IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Conrad F. GERES, Jr., Attorney at Law.

Supreme Court

*No. 83–1536–D. Filed April 10, 1984.*
(Also reported in 346 N.W.2d 313.)

*PER CURIAM. Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding concluded that Attorney Conrad F. Geres, Jr., engaged in illegal conduct involving moral turpitude, dishonesty, fraud, deceit and misrepresentation, in violation of SCR 20.04, and that he neglected a legal matter entrusted to him, in violation of SCR 20.32(3). The referee also concluded that Geres failed to cooperate with the district professional responsibility committee investigating his alleged misconduct, in violation of SCR 21.03(4). As discipline for this unprofessional conduct, the referee recommended that Geres's license to practice law in Wisconsin be suspended for six months and that he be required to pay the costs of the disciplinary proceeding. We accept the referee's conclusions as to Geres's misconduct, but we do

not accept his recommendation for discipline for the reason that it is insufficient in proportion to the seriousness of the misconduct.

Geres was admitted to practice law in Wisconsin in 1975 and practices in Whitewater. In 1981 he was retained by a bank and trust company as attorney for the personal representative in the estate of Mildred Erdman. The decedent's will named an officer of that bank as personal representative, but because the bank's policy prohibited an employee from acting individually in a fiduciary capacity, Geres was directed to have the bank itself named personal representative.

Geres, who had represented Mildred Erdman as personal representative in the estate of her husband in 1980, obtained a certified copy of domiciliary letters issued in the estate of William Erdman from the register in probate and changed the caption on that copy to "In the Matter of the Estate of Mildred M. Erdman." He also obliterated the date stamp indicating when the document was filed with the court, changed the name of the personal representative from Mildred Erdman to the name of the bank officer, changed the name of the deceased from William Erdman to Mildred Erdman, changed the date of death, changed the date appearing above the judge's signature and affixed his secretary's notary seal to the copy to make it appear that the document bore the seal of the register in probate. In November of 1981 Geres delivered the altered copy of the domiciliary letters to the bank officer so that he and other officers of the bank would believe the document to be a true and correct copy of domiciliary letters issued in the estate of Mildred Erdman. As of the date of that delivery, the Mildred Erdman will had not yet been admitted to probate, and no domiciliary letters had been issued.

On January 28, 1982, the probate court issued domiciliary letters appointing the bank officer, individually,

as personal representative. The following day Geres obtained a certified copy of that document·from the register in probate and altered it by adding the name of the bank immediately above the name of the officer, making it appear that the bank, by the named officer, had been appointed personal representative, rather than the officer individually. Geres delivered these altered domiciliary letters to the officer and the bank so that they would believe that domiciliary letters had been issued to the bank.

After the bank officers learned that the bank had not been named personal representative, Geres prepared a petition for the substitution of personal representative in the estate, requesting that the bank be substituted for the officer as personal representative. He showed that document to the bank officers but never filed it with the court and never obtained an order of substitution. As of the date this disciplinary action was commenced, August 12, 1983, the officer continued to be the personal representative in the Mildred Erdman estate.

The referee, Attorney Rudolph P. Regez, found that Geres's actions in altering the domiciliary letters were prompted by the bank's pressuring him to obtain its appointment as personal representative and, following the officer's "appointment," to have the bank substituted for him as personal representative. The referee also found that Geres failed to answer questions and present relevant information requested by the district professional responsibility committee investigating the allegations of unprofessional conduct. The referee concluded that Geres's conduct involved moral turpitude, dishonesty, fraud, deceit and misrepresentation, proscribed by SCR 20.04, constituted neglect of a legal matter, in violation of SCR 20.32(3), and violated SCR 21.03(4), requiring an attorney to cooperate with the disciplinary

authorities in the investigation of alleged unprofessional conduct.

The Board of Attorneys Professional Responsibility (Board) asked the referee to recommend a two-year suspension of Geres's license as appropriate discipline for his misconduct, but the referee recommended a six-month suspension. In making that recommendation, he noted Geres's age, 33, his inexperience, the lack of a profit motive for his actions, and "the fact that he is worthy of the opportunity to rehabilitate himself." By order of February 14, 1984, we requested briefs from Geres and the Board on the issue of the appropriateness of the recommended six-month suspension to the seriousness of the unprofessional conduct.

Geres did not file a brief; the Board did, taking the position that the recommended suspension adequately meets the purposes of attorney discipline, namely, discipline of the offender, deterrence to other attorneys, protection of the public, maintenance of trust in the legal profession, and rehabilitation of the offending attorney. The Board views the seriousness of Geres's conduct as "tempered" by the purpose of that conduct, which the Board considers to have been Geres's desire to convince his clients and bank officials that he was doing a prompt and efficient job as attorney in the estate. In fact, just the opposite was true. The Board also notes that Geres was not motivated by monetary consideration.

We are not persuaded that the seriousness of intentionally fabricating "court documents" and misrepresenting the status of legal proceedings to a client is in any way mitigated by a not-for-profit motive. Geres breached his professional duty to his client and attempted to conceal that breach by fabricating and falsifying court documents. Professional misconduct of that kind warrants discipline more severe than a six-month suspension.

IT IS ORDERED that the license of Conrad F. Geres, Jr., is suspended for one year, commencing May 1, 1984.

IT IS FURTHER ORDERED that within 60 days of the date of this order Conrad F. Geres, Jr., pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,967.97, provided that if the costs are not paid within the time specified, the license of Conrad F. Geres, Jr., to practice law in Wisconsin shall be revoked forthwith.

ABRAHAMSON, J. (dissenting). I would accept the referee's and the Board's recommendation for a six-month suspension as consistent with discipline ordered by the court in prior similar cases. The court must avoid imposing disparate discipline for like misconduct under like circumstances.